UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 APR 19 PM 12:01

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

WILL S. LONG,

    Plaintiff,

vs.

CASE NO.: 6:17-cv-699-ORL-41 DCI

IMAGE TECHNICAL SERVICES,
INC., a Florida Profit Corporation and
JAMES R. NOBLE, individually,

    Defendants.
_____/

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, WILL S. LONG, ("Plaintiff"), was an employee of Defendant, IMAGE TECHNICAL SERVICES, INC., ("IMAGE") and JAMES R. NOBLE, ("NOBLE") or collectively as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Lake County, Florida.

1

4. Defendant, IMAGE, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant, IMAGE, a Florida Profit Corporation, is located at 720 Crown Point Cross Road, Winter Garden, Florida 34787.

6. At all times relevant to this action, NOBLE was an individual resident of the State of Florida, who owned and/or operated IMAGE, and who regularly exercised the authority to: (a) hire and fire employees of IMAGE; (b) determine the work and pay schedules for the employees of IMAGE; (c) control the finances and operations of IMAGE; and (d) was responsible for the overall business operations of IMAGE.

7. The Plaintiff in this action was employed by Defendants as a non-exempt Audio Visual Manager from on or around October 2007 to October 2016, but who did not receive pay at time and one-half times his regular rate of pay for his hours worked in excess of forty (40) hours per week during one or more workweeks.

## COVERAGE

8. At all material times during the last three years, Defendant, IMAGE, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

10. At all material times, IMAGE has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times material, IMAGE has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. software, computers, and/or office supplies).

12. Therefore, IMAGE is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

13. Defendant, IMAGE, "was established in 1979 as a hardware and software engineering systems company and evolved over the years to include Creative Media, eLearning solutions, and Video Production."

14. Plaintiff, WILL S. LONG, performed non-exempt duties for Defendants in Defendants' Audio Visual department.

15. Plaintiff worked in this capacity from approximately October 2007 through October 2016.

16. Plaintiff was paid an annual salary, plus a nominal commission, in exchange for work performed.

17. During the relevant time period (the last three years), Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

18. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

3

19. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

20. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

21. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

22. Defendants failed to maintain proper time records as mandated by law.

23. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

25. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

26. During the relevant time period (last three years) of his employment with Defendants, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

27. Defendants had knowledge of the overtime hours worked by Plaintiff.

28. Defendants were aware of laws which required employees to be paid at time and one half his regular rate of pay for hours worked over forty (40) within a workweek.

29. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty

4

(40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

30. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 04/14/17 .

Respectfully submitted by,

_____
KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979

5

Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff

### 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, WILL S. LONG, declare under penalty of perjury that the foregoing is true and correct.

DATED this 14 day of ~~February~~ April, 2017.

_____
WILL S. LONG